Estate of William Howell, deceased. Appeal of the Fidelity Insurance, Trust & Safe Deposit Company et al.

*Will—Power of appointment by will—Intestate laws.*

Where the donee of a power of appointment by will dies leaving a widow but no issue, having devised and bequeathed all his estate, " both real and personal, according to the intestate laws," the estate covered by the power of appointment, as well as the donee's individual estate, passes to the widow and collateral kindred.

Argued March 23, 1898.   Appeal, No. 393, Jan. T., 1897, by Fidelity Ins., Trust & Safe Dep. Co., from decree of O. C. Phila. Co., July T., 1889, No. 46, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLLAMS, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.

The facts appear by the adjudication by ASHMAN, J., which was as follows :

William Howell, by his will, directed his trustees to divide his residuary estate into as many equal shares as he should have children and issue of deceased children living at his death (the issue standing in the place of the parent), and to pay the net income to each for life, and at their death, respectively, to pay the share of the one dying to such person or persons and for such estates and purposes as he or she should appoint by will; and in default of such will, then in trust for the children and issue per stirpes of the one so dying.   For the purpose of settlement of his estate he authorized the trustees in their capacity either of trustees or executors, to sell or let on ground rent all or any part of his real estate, except what was restricted, and to invest and apply the proceeds in the same manner as directed with regard to the estate from which the moneys were derived. The language of the testator was : " All the residue of my estate . . . . to divide into as many equal parts or shares as I have children living at the time of my decease, and the issue of any child or children then deceased, the issue of such de-

ceased child representing one share, with power to hold the real estate in common, as hereinbefore provided, and the said several shares to dispose of as follows, that is to say, as respects each share represented by the issue of a deceased child, to hold in trust for such issue and their respective heirs, executors or administrators, in the same proportion as if the said issue had inherited the same from such child under the intestate laws of Pennsylvania, and as respects the share represented by my living children, to hold the same in trust, to let, demise the real estate, and to invest and keep invested the personal estate in good mortgage security or in the purchase of well secured ground rents, and to collect the rents, issues and interest thereof and to pay the net income to each of my children," etc.

The testator died April 20, 1889, leaving surviving seven children, Anna J. H. Hanson and William H. G. Howell (who were children by his first wife), and Kate A. McCreary, Isabel H. Gest, Ella Howell, Edgar C. Howell and Charles B. Howell.

Charles B. Howell, one of the children, died January 13, 1897, leaving a will worded thus: "I, Charles B. Howell, do hereby make this my last will and testament, devising and bequeathing all my estate, both real and personal, according to the intestate laws of the state of Pennsylvania, and appointing Samuel Y. Heebner, a director of the Market Street National Bank, and my beloved wife, Anna M. Keir Howell, my executors with full powers."

He left surviving his said wife, but no issue.

Whether the will of the son worked a valid execution of the power conferred by the original testator, was the question which was submitted at the audit. It was conceded that as a preliminary to its exercise no reference to the power was needed in the will; but it was argued that the donee having given his property according to the intestate laws, excluded the property over which he had simply a power to appoint, because these laws affected only the property which was actually owned by the decedent himself. This argument cannot hold good in England, nor in those states of our union where the property covered by a general power of appointment is so far assets of the donee's estate that the exercise of the power may be enforced in favor of creditors. But the act of June 4, 1879, explicitly declares that a general gift of the real or personal

estate of a testator shall be construed to include any estate over which he has a power of appointment. When, therefore, the donee of the power devised and bequeathed his estate, he devised and bequeathed as well the estate covered by the power; and when he gave this joint estate according to the intestate law, he gave it to those persons who, according to that law, would have taken his own estate, and who in this instance are his widow and collateral kindred.

The fund embraced by the account, it was stated, consists in part of the proceeds of sale of realty sold under the power in the will of the father. All of the sales were effected during the lifetime of Charles B. Howell. The power of sale conferred by the will was a naked authority to sell for the convenience of settlement, but it did not contemplate (the auditing judge thinks) a conversion, for the reason that it was followed by a gift of the residue, of which the real estate was to be held in common by the issue of any deceased child and the shares of living children were to be held in trust to demise and to collect and pay over the rents, etc. In Ackroyd v. Smithson, 1 Bro. Ch. 503, it was held that in order to oust the heir, the mere intent to convert for the purposes of the will is not sufficient; there must be also the intent to give the product of the sale as personalty, at all events, and whether the purpose fails or not. These proceeds came to Charles as real estate, and on a second transmission would pass as personalty; but he had the right by his will to give them either as personal or real estate. He recognized them as real estate because they bore that character when he made the will in which he disposed of his real estate.

Exceptions to the adjudication were dismissed by the court in banc.

*Errors assigned* were in dismissing exceptions to the adjudication.

*John G. Johnson*, with him *John M. Gest*, for appellants.

*Horace M. Rumsey*, for appellee, cited as to the exercise of the power: Aubert's App., 109 Pa. 460; Lyndall's Est., 32 W. N. C. 325; Attorney General v. Brackenbury, 1 H. & C. 782; Andrews v. Bromfield, 32 Miss. 107; Lee v. Simpson, 134

U. S. 572; Swaby's App., 14 W. N. C. 553; Bingham's App., 64 Pa. 345; Dillon v. Faloon, 158 Pa. 468; McCreary v. Bomberger, 151 Pa. 323.

PER CURIAM, April 4, 1898:

The questions presented by this appeal were rightly decided; and for reasons given by the learned auditing judge whose conclusions were approved by the court in banc the decree should not be disturbed.

Decree affirmed and appeal dismissed at appellants' costs.