## Howell's Estate.

*Trusts and trustees—Deed of trust—Construction by act of parties.*

Where a person, who has an absolute interest in certain personal property under a will, and an interest in certain stock directed to be held in trust by the same will, executes a voluntary deed of trust in which she refers to her absolute interest in personal property under the will, and enumerates certain items of personal property, but not the interest in the stock, and thereafter the dividends on the stock continue to be paid to her personally, and not to her trustee under the deed of trust, the court will construe the deed of trust as not passing any title in the stock to the trustee.

Argued Jan. 11, 1911. Appeal, No. 223, Jan. T., 1910, by Anna M. Keir Howell, from decree of O. C. Phila. Co., July T., 1889, No. 46, dismissing exceptions to adjudication in Estate of William Howell, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*Horace M. Rumsey,* for appellant.—Where there is no latent ambiguity in a written instrument the whole instrument should be read together, and effect and meaning be given to every part of the instrument, each clause being considered separately and being governed by the intention as expressed in the whole instrument: Miller v. Heller, 7 S. & R. 32; Moore v. Magrath, 1 Cowper's Rep. 9; Barratt v. Wyatt, 30 Beavan's Rep. 442; Michell's Trusts, L. R. 9 Ch. Div. 5; Lloyd v. Pritchard, L. R. (1908) 1 Ch. Div. 265.

Where a clause containing general words is followed by a clause containing special words of description, unless the intention of the parties appear to be otherwise, the particular words should govern the general words: Miller v. Heller, 7 S. & R. 32; Keiser v. Reading Suburban Real Est. Co., 43 Pa. Superior Ct. 130; Scott v. Coleman, 5 Littell (Ky.) 349.

The actual property of which the grantor had possession, when the instrument in question was made should be considered a factor, and any words used in the instrument should be taken as referring to property over which the grantor had control.

In the interpretation of a written instrument the action of the parties with respect to said instrument, after its execution and delivery, should be considered, in order to arrive at the intent of the parties, and as to the effect intended: Lacy v. Green, 84 Pa. 514; People's Nat. Gas Co. v. Wire Co., 155 Pa. 22; Trexler v. Reynolds, 43 Pa. Superior Ct. 168; Colder v. Weaver, 7 Watts, 466; Pratt v. Campbell, 24 Pa. 184; New York Tartar Company v. French, 154 Pa. 273; Huckestein v. Plane Co., 173

Pa. 169; Gass's App., 73 Pa. 39; Gillespie v. Iseman, 210 Pa. 1.

*Bernard Gilpin*, for appellee.—The primary object of the deed now before the court was to preserve all of grantor's estate during her lifetime, and it is not reasonable to suppose that the cemetery stock was not to be included, without an express reservation of it from the operation of the grant: Robbins' App., 199 Pa. 500.

OPINION BY MR. JUSTICE MOSCHZISKER, April 10, 1911:

William Howell provided in his will: "I have a large amount of the stock of the Green Mount Cemetery Company and whereas it is my mind and will and I direct that the stock of said Company shall not be sold until the expiration of Ten years after my decease, but it shall be held in trust by my trustees but the right to vote in the Company's affairs shall be in the legatees the same as if the stock presently divisible and distributable at the time of such voting would be entitled thereto and in the ratio in which in such case in proportion to their respective interests therein. I further direct that such legatees shall be entitled to in like manner and proportion to receive the income from said stock directly and without the intervention of said trustees." He directed his trustees to divide his residuary estate into as many equal shares as he should have children and issue of deceased children, the latter standing in the place of their parents, living at his death, and to pay the net income to each for life, and at death to pay the share of the one dying, as he or she would appoint by will.

Charles B. Howell, son of the testator, died January 13, 1897, entitled to dispose of one-seventh of the residuary estate of his father, including the Green Mount Cemetery stock, leaving surviving a widow and no issue. He directed by his will that his estate should be distributed according to the intestate laws of Pennsylvania. Under the terms of this latter will, Anna M. Keir Howell, the

widow of the testator, Charles B. Howell, became entitled to one-fourteenth of the personal estate and to a life-interest in one-fourteenth of the real estate of the original testator, William Howell: Howell's Est., 185 Pa. 350.

On February 11, 1899, Anna M. Keir Howell executed a voluntary deed of trust to the Commonwealth Title Insurance & Trust Company, as follows: "Whereas the said Anna M. Keir Howell being entitled to one-fourteenth of the personal estate of the late William Howell absolutely under the will of her husband the late Charles B. Howell whereby he executed the power of appointment conferred upon him by the will of the late William Howell and also during life to one-half of the net income arising from a one-seventh share in the real estate of the late William Howell. Now this indenture witnesseth that the said Anna M. Keir Howell . . . . hath granted . . . . and set over and by these presents doth grant, . . . . and set over unto the said Commonwealth . . . . Trust Company and its successors in trust all the right, title, interest, claim, property and demand of her, the said Anna M. Keir Howell of in and to the personal property belonging to her and which is as follows: (a) a mortgage for $4,897.22 . . . . (b) a mortgage for $3,500 . . . . (c) a mortgage for $500. . . . As well as a life-interest in one-half of one-seventh of the income arising from the real estate belonging to the trust estate of the late William Howell." The deed is made irrevocable, and provides that the property shall be held in trust to pay the income to the grantor during her life, free of debts, and upon her death to pay the principal as she may appoint by will, or in default of a will, to be distributed in accordance with the intestate laws, ending with a declaration that the grantor "hereby acknowledges that she has been fully apprised of the value of her interest in the trust estate of the late William Howell and that she understands the same."

On April 13, 1910, upon the adjudication of an account of the executors of the estate of William Howell, deceased,

a distribution was made of the Green Mount Cemetery stock at a value of $97,500, and the share of the said Anna M. Keir Howell was awarded to the Commonwealth Company as trustee under the aforesaid deed. She has appealed and assigns this award for error, contending that the deed of trust was not intended to, and did not in point of fact, embrace this cemetery stock, and that her one-fourteenth interest therein should have been awarded to her directly.

The appellee contends that it is apparent from the instrument that the grantor intended to convey all of the personal property which came to her under the will of her husband from the estate of William Howell, deceased; that this is shown by the recital and by the general words of the grant, and therefore the mere fact that she omitted specific reference to the cemetery stock is not sufficient to prevent it from passing under the deed.

In construing a deed, so far as possible, the whole instrument should be considered to arrive at the intent of the parties. When we look at the present deed, we find in the recital that the property is referred to as that which the grantor was then entitled to "absolutely;" and when we come to the grant, the words are "all the right, title . . . . of her, . . . . of in and to the personal property belonging to her and which is as follows," after which there is a particular enumeration of property without any reference to the stock in question. When we look back at the will of William Howell it is seen that the cemetery stock is differentiated from his other personal property, in that the corpus of it is directed to be held in trust for a period of ten years from the date of his death. He died April 20, 1889, and the deed of trust was executed February 11, 1899, at which time the stock was still in trust. With these facts in mind, it is evident that the word "absolutely" as used in the recital has significance, and it may well be that the parties to the deed did not intend this stock to pass thereunder. It appears, that in point of fact the parties themselves never treated the

deed as if the stock had been transferred to the grantee, inasmuch .as the dividends thereon were always paid directly to Anna M. Keir Howell and not to the Trust Company. "Courts will if they can, give to the contracts of parties the exact effects which the parties themselves gave to them and interpret them just as they interpreted them:" Gillespie v. Iseman, 210 Pa. 1. "When we are asked to say what the parties meant or intended by their contract, it is entirely safe to point to their own construction of it, as evidenced by their course of dealing under it:" People's Nat. Gas Co. v. Braddock Wire Co., 155 Pa. 22. It is true that William Howell directed in his will that the legatees should be entitled to receive the dividends directly; but even if we account Anna M. Keir Howell as a legatee, had the deed been intended to cover this stock, her grantee would have stood in her place and would have been entitled to receive the dividends.

Looking at the deed as a whole, together with the circumstances of the case, and considering the significant fact of the omission of the cemetery stock from the specific designation of property found in the grant, we are convinced that it did not pass thereunder, and that the award should have been to Anna M. Keir Howell directly, and not to her grantee. In reaching this conclusion, we have not overlooked the final clause of the deed; but the fact that the grantor was "apprised" of the "value of her interest" in the estate of William Howell, deceased, and "understood the same," is far from saying that she considered herself entitled or had the intention to convey the stock in question.

The record is remitted to the court below with directions to modify its final decree in accordance with this opinion; the costs to be paid out of the trust estate held by the appellee.