## Pennsylvania Company for Insurances on Lives & Granting Annuities' Account.

*Wills—Deeds—Power—Execution of power—Intention—Parties —Equity—Act of June 4, 1879, P. L. 88.*

1. Under the Act of June 4, 1879, P. L. 88, a power contained in a deed is executed by a will of earlier date than the deed, unless a contrary intention appears by the will.

2. Under the law as it existed before the passage of that act the question as to whether or not a will was an execution of a power of appointment was one of intention to be gathered from the language of the will itself, and unless it referred either to the power, or the property the subject of the power, or it would have no operation except as an execution of the power, the will would not be treated as an execution thereof. On the other hand under the act the will operates as an execution of the power unless a contrary intention appears by the will itself.

3. One who has no interest in a fund, cannot be heard to complain that it was not awarded to the right party.

Argued March 26, 1919. Appeal, No. 270, Jan. T., 1919, by George W. Snare, from decree of C. P. No. 3, Philadelphia Co., Sept. T., 1917, No. 1595, dismissing exceptions to report of auditor In re The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee for Sarah E. Snare, under deed of trust by Deborah A. Gay, dated June 25, 1908. Before Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Exceptions to report of Warren C. Graham, Esq., auditor.

The court dismissed the exceptions. George W. Snare appealed.

*Errors assigned* were in dismissing exceptions to the auditor's report.

*W. B. Linn,* with him *J. Rech Guckes* and *H. B. Gill,* for appellant.—The will of Sarah E. Snare, executed many years before the execution of the deed of trust by

Deborah A. Gay, and never republished, is not an exercise of the power of appointment given to Mrs. Snare under the deed of trust: Dunn & Biddle's App., 85 Pa. 94; Quinn's Est., 144 Pa. 444; Dallett v. Taggert, 223 Pa. 180.

Assuming that a power not in existence when a will is made may still be held to have been exercised by a will subsequently made, in virtue of the Act of 1879, it is still a fact in this case that testatrix made no express appointment in favor of creditors and the circumstances surrounding her show that she did not intend by the words of the will to have such an appointment implied: Huddy's Est., 236 Pa. 276; Cox. v. Dickson, 256 Pa. 510.

*M. B. Saul,* of *Prichard, Saul, Bayard & Evans,* for appellee.—The will of Sarah E. Snare operated as an exercise of her power of appointment under the deed of trust by virtue of the Act of June 4, 1879 (P. L. 88): South's Est., 248 Pa. 165; Stoke's Est., 15 Pa. Dist. Rep. 104; Harvey's Est., 21 Pa. Dist. Rep. 170.

OPINION BY MR. JUSTICE SIMPSON, April 21, 1919:

By her will dated March 5, 1890, Sarah E. Snare directed all her just debts and funeral expenses to be paid, and gave the rest, residue and remainder of her estate to her husband, John T. Snare, absolutely, but in case she survived him to any children or issue of children who should be living at the time of her decease.

On June 25, 1908, Deborah A. Gay executed a deed of trust to The Pennsylvania Company for Insurance on Lives and Granting Annuities, directing the income of the property thereby transferred, to be paid to her daughter, Sarah E. Snare, during her natural life, and upon her decease the principal to be conveyed "to such person or persons and for such estate or estates as the said Sarah E. Snare shall by her last will and testament or instrument in writing in the nature thereof duly executed under the laws of the State of Pennsylvania select

or appoint," and in default of such appointment "to any child or children of the said Sarah E. Snare (if one, solely; if more than one in equal parts, share and share alike) the issue of any deceased child or children taking the same share that his or her parent would have taken if living." There were spendthrift and separate use trusts as to the gift of the income, but the power of appointment of the principal was general and unhampered.

John T. Snare predeceased his wife, who died January 28, 1917, leaving as her only child George W. Snare, the appellant, and no issue of deceased children. Her will as above set forth was duly probated by the register of wills of Philadelphia County. The trustee thereupon filed its account, which embraced personal property only, and appellant, George W. Snare, claimed the balance appearing thereby upon two grounds: 1st. The will of his mother having been executed prior to the deed of trust cannot be considered as an execution of the power contained therein; and 2d. Even if it be held otherwise, a proper construction of the will, as an execution of the power, would give him the property. The auditor and the court below decided both those contentions against appellant, and inasmuch as it was admitted that under the deed of trust Mrs. Snare had the power to appoint for the payment of her debts, and the whole balance of the fund, together with Mrs. Snare's individual estate, will be insufficient for their payment, awarded the balance shown by the audit of the trustees' account, to the administrator c. t. a. of her estate, whereupon this appeal was taken. We have, therefore, two plain legal questions, interesting and important not only to the parties to this controversy, but to all others who are or may be in like situation.

By Section 1 of the Act of June 4, 1879, P. L. 88, it is provided: "That every will shall be construed with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed

immediately before the death of the testator, unless a contrary intention shall appear by the will." No such contrary intention appears by Mrs. Snare's will.

Section 3 of the same act provides, inter alia: "A bequest of the personal estate of the testator, or any bequest of personal property described in a general manner, shall be construed to include any personal estate, or any personal estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power, unless a contrary intention shall appear by the will." No such contrary intention appears by Mrs. Snare's will.

The will, taken in connection with the above-quoted provisions of the Act of 1879, must be construed, therefore, as if made after the deed of trust, and as if it read substantially as follows: "Out of my own estate and the estate derived under the deed of trust executed by my mother Deborah A. Gay over which I have the power of appointment, 'I direct that my just debts and funeral expenses be paid,' and 'all the rest, residue and remainder' thereof 'I give, devise and bequeath' to my son George W. Snare." As thus stated it is clear, notwithstanding the very able argument of appellant's counsel, appellant can get nothing until his mother's debts are paid; and we need only inquire whether or not our prior decisions compel us, under the doctrine of stare decisis, to reach an opposite conclusion.

In Dunn and Biddle's App., 85 Pa. 94, strongly relied on by appellant, both the will and the deed of trust were executed before the Act of 1879, the former being dated June 18, 1869, and the latter June 10, 1875; but it is averred the same rule must be applied here as there, because at common law, as under the Act of 1879, a will of personalty was to "be construed as if executed immediately before the death of the testator unless the contrary intention appears." In that case both person-

alty and realty were involved, and no distinction between the two classes of property was adverted to by counsel, auditor or either court, because the case was decided upon a principal applicable to both. At that time the rule was that the question was one of intention to be gathered from the language of the will, and unless it either referred to the power, or the property which was the subject of power, or it would have no operation except as an execution of the power, the will would not be treated as an execution thereof: Wetherill v. Wetherill, 18 Pa. 265, 271; Bingham's App., 64 Pa. 345, 349; Neill's Est., 222 Pa. 142, 145. As none of those elements appeared in the will in that case, it was held not to operate as an execution of the power. The Act of 1879, however, changes the rule of law so far as wills are concerned, and instead of a will being required to show on its face an intention to execute the power, the act asserts it as a matter of law, "unless a contrary intention shall appear by the will." In the present instance no such "contrary intention" appears thereby.

Neal's App., 104 Pa. 214; Quin's Est., 144 Pa. 444, and Dallett v. Taggart, 223 Pa. 180, were all decided upon the ground that as a separate use trust cannot be created unless the donee is either married or in immediate contemplation of marriage at the time the trust is created, the question in such cases is one of power and not of construction, and hence the Act of 1879 does not apply. In Edwards's Est., 254 Pa. 159, it was held the Act of 1879 did not apply because a "contrary intention" appeared from the will, and hence a large loan made after the date of the will was held not covered by a clause "I leave no large debts and any indebtedness to me is hereby cancelled." As shown by the opinion the same conclusion would have been reached had the loan been made before the date of the will.

Peterson's Est., 242 Pa. 330, so far as it applies at all, is against appellant. There testatrix had an estate of

her own, and had the power of appointment over certain property held in trust. By her will she provided "Whereas I am the owner of certain property and estate which I hold in my own right free from any trust, now I, hereby give, devise and bequeath the same to my husband Arthur Peterson, absolutely." Afterwards she became possessed of a considerable estate, accruing as income from the property held in trust, which accrued estate was transferred to the executors and trustees of the will to be held by them until it could be disposed of in conjunction with the trust property. It was held this after-acquired property passed under her will.

The above are the only authorities relied on by appellant on his first contention; they do not prevent our applying the Act of 1879, and we, therefore, decide the first point against him.

Upon the second point also no decision has been cited to us, nor have we found any, which sustains appellant's view. In Dunglison's Est., 201 Pa. 592, it was simply held that the sums embezzled by a defaulting trustee could not be charged against an estate over which he had, but had not exercised, power of appointment. In Terppe's Est., 224 Pa. 482, there was a direction to pay debts, but we held the will showed it did not apply to the property over which testatrix had a power of appointment. We said (page 487): "In exercising the power and devising the property she did not charge it with the payment of her debts, and it is therefore not liable for their payment......Our construction of the 11th clause of the will of the testatrix, guided by her intention as we there read it, is that she gave the residue of her own estate to Frederick William Terppe, and, exercising her power of appointment, devised the real estate of her husband to the same devisee, subject only to the payment of certain legacies and of encumbrances which she had not placed upon it. The court, therefore, was without jurisdiction to direct this property to be sold for the payment

of her debts." In Huddy's Est., 236 Pa. 276 (page 280), we said: "She did not direct the payment of her debts, nor did she expressly exercise or refer to the power given her by the will of Emma Huddy......It is not an instance where the donee of the power either expressly or by implication appointed the fund for the payment of her debts, nor did she so blend the fund with her own assets that it is impracticable to pay directly to her appointees." And in Cox v. Dickson, 256 Pa. 510, the question decided was that the gift made by the donee must be considered as having been made at the time of the creation of the power in order to determine whether or not the statute against perpetuities had been violated.

In the present case it is admitted Mrs. Snare could have appointed the trust property for payment of her debts, the power being general, and so we held in South's Est., 248 Pa. 165; and the sole question on this branch of the case is did she do so? The question of the relative dates of the will and of the deed of trust being out of the way, admittedly the will is an execution of the power, and the rights of appellant and appellee must be determined by a construction of its provisions. Upon this point we are left in no doubt. Thereby it appears testatrix's debts must be paid in any event, and appellant is given nothing until they are in fact paid. Testatrix's intention is therefore clear, and the second point must also be decided against appellant.

It is not necessary to decide whether or not appellant is correct in his final contention that "the fund should not in any event have been awarded to Mrs. Snare's administrator," but should have been awarded directly to those entitled thereto. As already stated, the joint funds are not sufficient to pay Mrs. Snare's debts, and hence appellant has no interest entitling him to complain of the person to whom the award is made. If the question was one now to be decided we would be inclined to agree with what was said by Judge PENROSE in Stokes's Est., 20 W.

N. C. 48: "The estate passing under the power has been blended with that belonging to the donee in his own right ......this implies a previous administration of the fund, and the payment thereout of debts, etc., [and hence] the award must be to the executrix of the will of the donee and not directly to the ultimate appointee"; as in Huddy's Est., supra, we intimated should be done under like circumstances. This would be the best way to assure the carrying out of testatrix's wishes, but, as stated above, it is not necessary to decide the question on this appeal.

The decree of the court below is affirmed, and the appeal dismissed at the costs of appellant.