# Blackburne's Estate.

*Wills—Power of appointment—Act of June 7, 1917, P. L. 403.*
1. Section 11 of the Wills Act of June 7, 1917, P. L. 403, 407, applies to wills made by the testator either before or after the writing, giving him a general power of appointment, was executed by the donor.

*Wills—Construction—Use of same language.*
2. Where the same language is repeatedly used in a writing, it is prima facie to be interpreted in the same way.

*Wills—Construction—Power of appointment—Reference to intestate laws.*
3. Where a testator has a general power of appointment over an estate, a reference to the intestate laws in the provisions of his will which it is alleged executes the power, will ordinarily be deemed insufficient to show that there was a failure to exercise it, but will be interpreted only as fixing the proportion the distributees are to take.

*Wills—Construction—Act of June 7, 1917, P. L. 403, 407.*
4. Where the provisions of a will are susceptible of a reasonable explanation consistent with the operation of the rule set forth in section 11 of the Wills Act of June 7, 1917, P. L. 403, 407, such explanation should be accepted.

Argued April 19, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 208, Jan. T., 1927, by Hannah S. Blackburne et al., residuary legatees, from decree of O. C. Phila. Co., April T., 1912, No. 106, dismissing exceptions to adjudication, in estate of Sarah S. Blackburne, deceased. Affirmed.

Exceptions to adjudication by LAMORELLE, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by VAN DUSEN, J. Hannah S. Blackburne et al., residuary legatees, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*T. R. White,* of *White, Parry, Schnader & Maris,* for appellants.

*E. S. Ward,* for appellee, cited: Howell's Est., 185 Pa. 350; Thompson v. Wanamaker, 268 Pa. 203; Aubert's App., 109 Pa. 447; Peterson's Est., 242 Pa. 330; Carrell's Est., 264 Pa. 140; Greave's Est., 29 Pa. Dist. R. 579; Finn's Est., 18 Pa. Dist. R. 408.

OPINION BY MR. JUSTICE SIMPSON, May 16, 1927:

Testatrix gave to her son John a life interest in one-third of her residuary estate, and a general testamentary power of appointment thereover. By his will, which was executed before that of testatrix, he provided as follows: "I give and bequeath to my wife Ida P. C. Blackburne such share of my estate as she is entitled to under the intestate laws of the State of Pennsylvania and all the rest residue and remainder of my estate real, personal and mixed of whatever kind and wheresoever situate of which I may die seized and possessed I give, devise and bequeath to my two sisters Hannah S. Black-

burne and Emily L. Blackburne, share and share alike, their heirs, executors, administrators and assigns forever." The only question to be decided is: Is the wife entitled, by virtue of that paragraph, to a portion of the estate over which he had the power of appointment? The court below held she was, and the two sisters appeal. The decree is right.

Section 11 of the Wills Act of June 7, 1917, P. L. 403, 407, provides that "A general devise of the real estate of a testator......shall be construed to include any real estate......which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power unless a contrary intention shall appear by the will. In like manner, a bequest of ......personal property described in a general manner, shall be construed to include any personal estate...... which he may have power to appoint in any manner he may think proper, and shall operate as an execution of such power unless a contrary intention shall appear by the will."

Appellants contend that the last clause of the paragraph of the will, above quoted, gives to them the entire appointed estate, because it is general in its terms, and hence within the purview of the statute; but that the immediately preceding clause in favor of the wife, though also general in terms, shows a "contrary intention," because it specifies that she is to have only such share "as she is entitled to under the intestate laws," by virtue of which she could get no part of the appointed estate. We think this is too narrow a construction.

The gifts to the wife and to appellants, alike purport to be only of a share of "my estate," and the appointed estate was not his estate. Hence appellants' contention practically is that when testator used the words "my estate," in the gift to the wife, he meant what those words technically import, namely, whatever estate he owned absolutely; but that when he repeated them, in the same paragraph, in the gift to appellants, he meant

more than that. This is contrary to the general rule of construction that where the same language is repeatedly used in a writing, it is prima facie to be interpreted in the same way wherever it appears: Altdorfer's Est., 225 Pa. 136. The added words "under the intestate laws," would not affect this rule, for "my estate" would still be "my estate," and not additionally some other estate: Finn's Est. (No. 2), 18 Pa. Dist. R. 408, per Penrose, J.

We think that, in both places, testator was dealing, and intending to deal, with the same thing; that by the words "under the intestate laws," he meant only to designate the *proportion* his wife was to receive (Howell's Est., 185 Pa. 350); and that he did not repeat those words in his gift to appellants, because he then had children, and hence, under the then existing status, appellants would have received nothing under those laws. Indeed, he could not have had the appointed estate in mind when he made his will, and hence it might plausibly be argued that he could not have had "a contrary intention" to the rule expressed in the statute, since his mother's will, giving him the power of appointment, had not even been executed at that time. This fact naturally affected the language he used, but would not affect the bearing of the Act of 1917, since, even under those circumstances, the statute applies: Fidelity Co.'s App., 108 Pa. 492; Aubert's App., 109 Pa. 447; Penna. Co. for Insurances on Lives & Granting Annuities' Account, 264 Pa. 433.

We are clear, therefore, that the provision of testator's will, now under consideration, is susceptible of a reasonable explanation, consistent with the application of the statute thereto; hence the court below was justified in its conclusion that "no contrary intention [to that expressed by the statute] appears by the will," and that the gifts to testator's wife, as well as those to his sisters, must be construed to operate upon the estate over which he had the power of appointment: Thompson v. Wanamaker's Trustee, 268 Pa. 203.

It may be added that this conclusion is in accord with common experience. Even if testator's will had been made after that of his mother, and if he had known what she had provided, he would have been apt to think and speak of the estate, over which he had an unlimited power of appointment, as his own (Thompson v. Wanamaker's Trustee, supra, page 214), especially as it was to be derived from a parent, and is the exact share the appointor would have received under the intestate laws.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.