## Morris's Account.

[redacted]

Argued December 2, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

[redacted]

*Charles Myers,* of *Barnes, Biddle & Myers,* for appellant.—There was in substance and effect but one dec-

laration of trust, although four writings were executed by testator, and this declaration should be treated as created on March 1, 1923, the date of the execution of the first writing.

Under section 9 of the Wills Act of June 7, 1917, P. L. 403, the will should be construed as to the estate comprised in it, to take effect as if it had been executed immediately before the death of testator on April 22, 1928, which was subsequent to the last declaration of trust, and therefore operated as an exercise of the power of appointment given by the declaration of trust, irrespective of whether the four writings be regarded as creating one or four separate trusts.

Section 11 of the Wills Act makes the will operate as an execution of the power of appointment contained in the declarations of trust, even though the last declaration be considered as creating a new trust subsequent to the execution of the will: Thompson v. Wanamaker, 268 Pa. 203; Blackburne's Est., 290 Pa. 55; Norris's Est., 9 D. & C. 101.

The second paragraph of testator's will has no operation except as an execution of the power reserved in the declarations of trust, and therefore the will should be treated as an execution of such power.

*Raymond M. Remick,* of *Saul, Ewing, Remick & Saul,* with him *Morris Cheston, C. Brewster Rhoads, C. Berkley Taylor, Roberts & Montgomery, Ballard, Spahr, Andrews & Ingersoll,* for appellee.—There was in substance and effect but one declaration of trust, although four such writings were executed by the settlor and this declaration is the one executed March 12, 1928.

The power of appointment reserved to the settlor, while general in that it could be exercised either by deed or will, was special, in that the time for its execution was specifically limited: Price's Est., 27 Pa. Dist. R. 561; Knapp v. Nissley, 254 Pa. 379.

Neither the acts of assembly nor prior decisions of the court can have effect to frustrate the disclosed intent of the settlor: Thompson v. Wanamaker, 268 Pa. 203.

The power to revoke the trust reserved to the settlor was not exercised by him.

OPINION BY MR. JUSTICE SIMPSON, January 6, 1930:

On March 1, 1923, G. Heide Norris, Esq., a lawyer whose principal court practice was in the orphans' court, transferred certain securities to "William S. Morris, Esq., trustee for my daughter, Sophie B. Norris, during her life, with remainder at her death to such person or persons as I shall hereafter direct and declare by any proper instrument in writing or by will. And on the further trust to pay over and distribute such fund after my decease on the death of Sophie B. Norris, or any part thereof which shall not have been otherwise directed and appointed by me in writing as aforesaid, unto my legal heirs then found entitled......hereby reserving the power at any time to revoke this trust."

By his will, dated November 18, 1925, Mr. Norris provided, inter alia, "Second: I direct that the securities in the hands of William S. Morris, Esq., as trustee for my daughter, which trust is revocable by me, shall pass to and be administered as part of my residuary estate under the directions contained in this Will." The residuary estate was given to his executors in trust to pay the income to his daughter during her life, and, if necessary for her support, a part of the principal also; and gave to the daughter a power of appointment over the principal, in default of the exercise of which it was to go to her next of kin under the intestate laws.

On December 2, 1926, and April 20, 1927, respectively, Mr. Norris executed two other declarations of trust, which, with the exception of the alteration in date, and a change in a few of the securities, were each exactly like that of March 1, 1923, above quoted.

On March 12, 1928, Mr. Norris executed a codicil to his will, which did not refer to the trusts, but operated, in law, to republish the will as of the date of the codicil (DeHaven's Est. (No. 2), 207 Pa. 152), thus revoking the prior declarations of trust, and making effective, as of the new date, the foregoing provision regarding the securities in the trust. Later in the same day, he executed a fourth declaration of trust, exactly like the other three, except the change in date and a few additional changes in the securities.

On April 22, 1928, Mr. Norris died, his will and codicil were duly probated, and letters testamentary granted to the executors named therein. Subsequently, the trustee named in the declarations of trust filed his account and, at the adjudication thereof, claimed that the securities should remain in his hands on the trusts declared in those instruments. On the other hand, the executors claimed that the securities should be awarded to them, to be held and "administered as part of [Mr. Norris's] residuary estate." The court below sustained the contention of the trustee, and the executors prosecute this appeal.

It is admitted by appellee that if the word "hereafter," as used in the declarations of trust, does not apply to the words "or by will," also therein appearing, then "the appeal should be sustained." We are of opinion it does not apply to them. To repeat the words used: "with remainder at her death to such person or persons as I shall *hereafter* direct and declare by any proper instrument in writing or by will." A "will" is such a "proper instrument in writing," and hence the words "or by will" are pure surplusage if appellee's contention is correct. We have no right, however, to treat any of the words as surplusage so long as any other course is reasonably possible: Baughman's Est., 281 Pa. 23; Bingaman's Est., 281 Pa. 497. It would have been easy for Mr. Norris to say, if he desired to limit, in all respects, the power of appointment to future actions of

his: "to such person or persons as I shall hereafter by any writing, direct and declare," or if it was thought wise to include the word "will," then to have said: "to such person or persons as I shall hereafter by will or other writing direct and declare"; but he did not so express his intention.

We must not overlook the fact that we are dealing with a writing prepared by a lawyer for the distribution of a part of his own estate. He knew that the declaration of trust, and all changes in it, unless otherwise expressed, would go into effect at once, while, on the contrary, his will would be ambulatory in character, and by the express language of section 9 of the Wills Act of 1917, P. L. 403, 407, *"shall be construed,"* with reference to the real and personal estate comprised in it, to speak and take effect *as if it had been executed immediately before the death of testator,* unless a contrary intention shall appear by the will." No such contrary intention appears here; rather it is clear that, quoad the securities now under consideration, the intention was that they should be transferred to his residuary estate at the time of his death. Hence, also, the will could not have application except in the "hereafter" from its date, and the clause under consideration would necessarily mean: "as I shall hereafter direct and declare by any instrument in writing or by a will" which necessarily takes effect "hereafter." We conclude, therefore, that the words "or by will" were intended to stand alone unaffected by the preceding "hereafter" clause.

Though not needing it, in view of the broad language of section 9 above quoted, yet we may add that our conclusion is borne out by the immediately succeeding language of the trust deeds. Having provided for a disposition of the trust estate by a later provision "in writing or by will," he continues "and on the further trust to pay over and distribute said fund after my decease on the death of Sophie B. Norris, or any part thereof which shall not have been otherwise directed and appointed by

me in writing as aforesaid, unto my legal heirs then found entitled." This sentence is entirely useless if no distinction is to be drawn between a "proper instrument in writing" and a "will," for in that event it is fully covered by what precedes. Moreover, Mr. Norris does not say in this clause, "not otherwise directed and appointed by me in writing as aforesaid or by will," the "or by will" is omitted; and he does not therein provide for legatees or devisees, who would take under a will, but only for his "legal heirs." It will be noted, also, that this clause cannot be referred to a partial appointment only, for it expressly says *"such fund......or any part thereof,"* and that it is to take effect "after my decease on the death of Sophie B. Norris" only. The power to alter "by will" is thus separated from the power to change by any other "instrument in writing," and hence is not to be limited by the "hereafter" which applies to the latter.

This being so, the usual rule applies that a general power of appointment is legally exercised by a writing executed in due form before the making of the instrument giving the power (section 11 of the Wills Act of 1917, P. L. 403, 407; Thompson v. Wanamaker's Trustee, 268 Pa. 203; Blackburne's Est., 290 Pa. 55) ; the will, when probated, became a valid appointment, speaking, in so far as concerns the property covered by it, as of the date of Mr. Norris's death, and the securities should have been awarded to appellants.

The decree of the court below is reversed and the record is remitted that distribution may be made in accordance with the views expressed in this opinion.